E-FILED
Tuesday, 08 June, 2010 10:11:21 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANGELA J. WELLS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 09-cv-1422 |
| CAROLYN TRANCOSO, *Warden, Dwight Correctional Facility*, | ) |
| Respondent. | ) |

## OPINION & ORDER

This matter is before the Court on Petitioner's renewed Motion for Appointment of Counsel[1] and Petitioner's Motion for Extension of Time. (Docs. 16 & 17). The Court received Petitioner's Petition under 28 U.S.C. § 2254 on December 30, 2009, and, on January 5, 2010, ordered Respondent to file a response to the Petition;[2] Respondent filed a Motion to Dismiss arguing that the Petition is

---

[1] In her Motion for Appointment of Counsel, Petitioner cites to Federal Rule of Civil Procedure 59(e), and asks for "reconsideration" of the Court's previous denial of her Motion for Appointment of Counsel. However, as noted in the Court's May 5, 2010 Text Order, a Motion to Appoint Counsel can be renewed on a more developed record as appropriate. (5/5/10 Text Order).

[2] The Court identified a number of claims made by Petitioner in her § 2254 Petition:
> She alleges that she was denied her right to effective assistance of trial counsel because (1) counsel failed to perfect a pretrial motion to exclude illegally seized evidence, (2) counsel failed to fully investigate and properly prepare a pretrial motion to suppress several of Petitioner's statements to police, (3) counsel failed to properly investigate the facts of the crime with which she was charged by refusing to speak to Petitioner's husband, (4) counsel threatened her if she failed to plead guilty. She further alleges that she was denied her due process and

untimely on March 29, 2010. (Docs. 1 & 5). For the reasons stated below, the Motion for Appointment of Counsel is denied without prejudice, and the Motion for Extension of Time is granted.

On January 5, 2010, the Court denied Petitioner's Motion for Appointment of Counsel, finding that Petitioner had not made the threshold attempt to secure counsel without Court intervention as required by *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). (Doc. 5). In her renewed Motion for Appointment of Counsel, Petitioner lists several legal assistance agencies from which she has sought pro bono counsel, and which have either not responded or have declined representation. Therefore, the Court finds that Petitioner has made the requisite attempt to secure counsel without Court intervention.

The Court must next consider whether, "given the difficulty of the case," she appears able to litigate it herself, and, if not, whether appointed counsel would be

---

equal protection rights (1) because the trial court judge failed to properly admonish her of her rights and the consequences of the plea, which resulted in her in unintelligently and unknowingly entering a guilty plea, and (2) because the trial court appointed Frank Picil, who had been charged with allegations of drug use and dishonesty before that court, to represent her in her motion to withdraw her guilty plea. This latter allegation also underlies Petitioner's allegation that Mr. Picil was subject to a conflict of interest in the motion to withdraw her plea, as the motion was based on her allegations of his misrepresentations and coercion, and that he failed to properly prepare for the hearing on her motion to withdraw her plea. Further, she alleges that the trial judge's summary denial of her motion to withdraw her plea was error where he did not inquire as to whether she wished to have an attorney appointed. Petitioner also alleges that she was denied the effective assistance of her appellate counsel, as counsel represented to her that she had no grounds for appeal. Finally, she alleges that the Illinois state courts have failed to provide meaningful review of her claims.

(Doc. 5 at 1-2).

"reasonably likely to alter the outcome." *Id*. at 655-56, 660.  Counsel may also be appointed if "the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2); *see also* 28 U.S.C. § 2254(h) ("Appointment of counsel under this section shall be governed by section 3006A of title 18.").  In her Motion for Appointment of Counsel, Petitioner asserts that she suffers from depression and bipolar disorder, for which she is on psychotropic medication that prevents her "from concentrating, to simple problem solve or engage in rational thinking without being overwhelmed by a complexed [*sic*] or stressful situation."  (Doc. 17 at 3).  In addition, she asserts that all of her filings before the Court have been drafted by her husband and mailed to her only for signature and filing.  On the other hand, the psychiatric treatment notes she includes as Exhibits with her instant Motions indicate the practitioner's judgment that Petitioner's cognition is normal and intact, and she stated in her original Motion for Appointment of Counsel that she has obtained her GED and that the Dwight Correctional Facility has recently hired a paralegal to assist inmates with legal research.[3]  (Doc. 4 at 1; Doc. 17 at 10-12; Doc. 17 at 35-37).  Further, by not drafting any of her own submissions to the Court, Petitioner has removed the Court's ability to gauge her abilities for itself.

---

[3]    Attached as an Exhibit to the instant Motions is an Affidavit from Petitioner, also noting that a paralegal was hired at the end of 2009, and that, prior to that time, the inmates at Dwight had to wait for legal assistance from the library at the Pontiac Correctional Center.  (Doc. 17 at 35-37).  As this portion of the Affidavit is written in the past tense, it appears that these problems were resolved with the hiring of the paralegal.  (Doc. 17 at 35-36).  It appears that the only current problems are ones of timing - sometimes the inmates must wait for assistance or resources from Pontiac, which can take considerable time, and the inmates may only use the library for an hour and a half each week.  (Doc. 17 at 36-37).  In light of this problem, the Court will consider requests from Petitioner for additional time in making her submissions to the Court.

In addition to the petitioner's abilities, the Court is to consider the complexity of the issues presented by the case. As Respondent's Motion to Dismiss is now pending before the Court, it is the issues raised by that Motion that are most pertinent at this time. Respondent argues that Petitioner's conviction became final on February 14, 2002 under 28 U.S.C. § 2244(d)(1)(A), and that there have been no events to toll the one-year statute of limitations applicable to this case under § 2244(d)(2). Respondent argues that, though Petitioner appears to claim that the limitations period should run from the date on which a state-created impediment to filing was removed under § 2244(d)(1)(B), Petitioner does not allege any facts supporting this argument; in addition, Respondent argues that equitable tolling is inapplicable.

Responding to these issues should not be overly complex, as Petitioner need merely explain whether she did indeed file any post-conviction motions that would toll the statute of limitations within one year of her conviction's becoming final, whether and how the state prevented her from timely filing her § 2254 Petition, or the extraordinary circumstances that should justify equitable tolling.[4] None of these should require extensive legal research, but only the recitation of facts within

---

[4] There is no indication that § 2244(d)(1)(C) is applicable here, as the Petition does not rely on a new constitutional right. Petitioner may also argue that her Petition is timely because § 2244(d)(1)(D) applies, beginning the limitations period on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

4

Petitioner's personal knowledge. The Court finds, therefore, that Petitioner is able to litigate her own claim at this point.[5]

Therefore, the renewed Motion for Appointment of Counsel (Doc. 17) is DENIED WITHOUT PREJUDICE. Petitioner may renew the Motion after responding to the Motion to Dismiss if there is further information that will help the Court to determine whether counsel should be appointed at that time or if the Court finds that discovery is required; the Court will appoint counsel if an evidentiary hearing is set. In the Court's discretion, Petitioner's Motion for Extension of Time (Doc. 16) to file her Response to Respondent's Motion to Dismiss is GRANTED. Petitioner's Response to the Motion to Dismiss shall be filed 30 days from the date of this Order.

Entered this <u>8th</u> day of June, 2010.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                                United States Senior District Judge

---

[5] Petitioner contends that discovery is necessary in this case, and that she will require the assistance of counsel in order to undertake discovery. (Doc. 17 at 3-4). As Respondent has filed a Motion to Dismiss arguing that the Petition is untimely, a determination of whether discovery is necessary must wait for the disposition of that Motion; if the Petition is untimely, discovery will be unnecessary. She also argues that an attorney is required to help her amend her Petition and to assist with an evidentiary hearing as to her mental disability; likewise, these issues must await the Court's determination of the Petition's timeliness. (Doc. 17 at 4).